IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN DAVID FIAL**, | Case No. 3:25-cv-00624-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| **STATE OF OREGON**; and **DAN RAYFIELD**, in his official capacity as Attorney General of Oregon, | |
| Defendants. | |

John David Fial, Beaverton, OR 97005. Pro Se.

Sadie Forzley, Senior Assistant Attorney General, Kate E. Morrow, Assistant Attorney General, and Dan Rayfield, Attorney General, 100 SW Market Street, Portland, OR 97201. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Plaintiff John Fial challenges the constitutionality of three Oregon domestic relations statutes, O.R.S. 107.097(3), O.R.S. 107.139(1), and O.R.S. 107.718(1)(a), which allow courts to impose *ex parte* temporary restraining orders against a parent in a custody proceeding based on a showing of immediate danger to the accusing parent or their child. Complaint ("Compl."), ECF

PAGE 1 – OPINION AND ORDER GRANTING MOTION TO DISMISS

1. Plaintiff alleges these statutes are both facially unconstitutional and unconstitutional as applied to him. *Id.* ¶ 4. This is the second of two related cases brought by Plaintiff challenging the constitutionality of Oregon domestic relations statutes. *See Fial et al. v. State of Oregon*, Case No. 3:24-cv-02157-IM (challenging the constitutionality of a state statute that prohibits courts from ordering joint custody unless both parents agree to the terms and conditions of the order).

Defendants the State of Oregon and Dan Rayfield, its Attorney General, filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Motion to Dismiss ("MTD"), ECF 8. Plaintiff filed a response opposing the motion, Response ("Resp."), ECF 12, and Defendants filed a reply, ECF 13.

This Court concludes that Defendants are immune under the Eleventh Amendment and that Plaintiff's claims do not fall within the *Ex parte Young* exception to sovereign immunity. This Court therefore lacks subject-matter jurisdiction over this action. Defendants' Motion to Dismiss, ECF 8, is granted, and Plaintiff's Complaint, ECF 1, is dismissed without prejudice.

## BACKGROUND[1]

Oregon's domestic relations and marital dissolution statues generally prohibit courts from entering *ex parte* orders that modify parenting time or child custody arrangements. O.R.S. 107.097(1). Courts may, however, enter *ex parte* temporary custody and parenting time orders in two relevant circumstances. Under the Family Abuse Prevention Act ("FAPA"), a court may issue a temporary restraining order *ex parte* when one parent represents a credible threat to the safety of the petitioning parent or the petitioning parent's child. O.R.S. 107.718(1). A court may

---

[1] For purposes of resolving the Motion to Dismiss, this Court takes the allegations of the complaint, summarized here, as true.

also issue a temporary emergency custody order when one parent makes a showing that the other parent has placed the child in immediate danger. O.R.S. 107.097(3), 107.139(1). Both types of orders require notice to the party against whom the order is being sought and an opportunity for that party to request a hearing. *See* O.R.S. 107.718(10)(a) (FAPA order); 107.097(3)(c), (4) (immediate danger order during a dissolution proceeding); 107.139(1)(c), (2)(a) (immediate danger order after entry of judgment).

Plaintiff is a father. Compl., ECF 1 at 8. He alleges that on December 1, 2022, he received a FAPA restraining order "based solely on a false criminal allegation." *Id.* at 9. Plaintiff alleges the FAPA order was in effect for approximately fifteen days, during which time he had "no legal access to his son" and "no opportunity to contest the claims prior to the order's issuance." *Id.* at 8.

Plaintiff alleges the challenged statutes (1) deprive parents of child custody without prior notice in violation of procedural due process, *id.* at 18, (2) deprive parents of their fundamental parental rights in violation of substantive due process, *id.* at 18–19, and (3) that *ex parte* FAPA orders are disproportionately issued against men, in violation of the Equal Protection Clause, *id.* at 19.[2] Plaintiff seeks a judgment declaring O.R.S. 107.097(3), O.R.S. 107.139(1), O.R.S 107.718(1)(a), and "broader portions of FAPA" unconstitutional as applied to child custody proceedings, and injunctive relief prohibiting Defendants from enforcing these laws. *Id.* at 20.

---

[2] Plaintiff does not identify a particular cause of action. This Court construes Plaintiff's constitutional claims as being brought under 42 U.S.C. § 1983.

**STANDARDS**

"Federal courts are courts of limited jurisdiction" and are presumed to lack jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction thus bears the burden of establishing subject-matter jurisdiction. *Id.*

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction.[3] A Rule 12(b)(1) jurisdictional challenge may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Facial attacks require the court to assume all allegations in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A factual attack, by contrast, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court may review evidence beyond the complaint. *Id.*

Plaintiff is self-represented, so the Court will construe his pleadings liberally and afford him the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**DISCUSSION**

Defendants argue they are immune from suit under the Eleventh Amendment. MTD, ECF 8 at 7–10. Plaintiff argues his claims against Defendant Rayfield in his official capacity are permissible under *Ex parte Young*, 209 U.S. 123 (1908). Resp., ECF 12 at 6. This Court concludes that Defendants lack sufficient enforcement authority over the challenged statutes to

---

[3] "A sovereign immunity defense is 'quasi-jurisdictional in nature and may be raised in either a Rule 12(b)(1) or a 12(b)(6) motion." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

fall within the *Ex parte Young* exception. Because this Court lacks subject-matter jurisdiction over this action, this Court does not address Defendant's other grounds for dismissal.[4] Plaintiff's claims are dismissed without prejudice.

The Eleventh Amendment generally bars suits against non-consenting states. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984); *Papason v. Allain*, 478 U.S. 265, 276–78 (1986). The Supreme Court recognized a limited exception to state sovereign immunity in *Ex parte Young*, 209 U.S. 123. Under this exception, "suits seeking prospective relief under federal law" brought "against state officials sued in their official capacities," *Planned Parenthood Great Nw. v. Labrador*, 122 F.4th 825, 841–42 (9th Cir. 2024), are permissible so long as the state official has "some connection with the enforcement" of the challenged act, *Ex parte Young*, 209 U.S. at 157. To have a sufficient connection to enforcement, the state official must have "a relevant role that goes beyond 'a generalized duty to enforce state laws or general supervisory power over the persons responsible for enforcing the challenged provision.'" *Mecinas v. Hobbs*, 30 F.4th 890, 904 (9th Cir. 2022) (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)). Otherwise, a plaintiff would be "merely making [the official] a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157.

---

[4] Defendants also move to dismiss under the *Rooker-Feldman* doctrine. MTD, ECF 8 at 14–15. Consistent with this Court's Opinion and Order granting the motion to dismiss Plaintiff's other complaint in the related case, *Fial et al. v. State of Oregon*, Case No. 3:24-cv-02157-IM, ECF 27 at 5–6, Plaintiff's as-applied challenge to "the ongoing use of relevant subsections within ORS 107.700-107.735, specifically ORS 107.718(1)(a) 1 and related subsections," Compl., ECF 1 at 4, is barred by *Rooker-Feldman* as it is a de facto appeal of the state court's decision to issue a FAPA order against Plaintiff. Plaintiff's facial challenge, however, is not barred by *Rooker-Feldman*, as ruling on the challenged statutes' constitutionality in general would not "require review of a judicial decision" by the state court to issue a FAPA order against Plaintiff. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 487 (1983); *Fial et al. v. State of Oregon*, Case No. 3:24-cv-02157-IM, Opinion and Order, ECF 27 at 6.

PAGE 5 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Defendants argue that the Eleventh Amendment bars this suit because the State of Oregon has not waived its sovereign immunity, and that *Ex parte Young* does not apply because "the Attorney General has no connection to the enforcement of the three challenged statutes, let alone direct authority over enforcing those statutes." MTD, ECF 8 at 8.

This Court agrees. The Attorney General is not responsible for implementing or enforcing any of the challenged statutes. Instead, the statutes only define the circumstances under which state courts may enter *ex parte* temporary restraining or custody orders. *See* O.R.S. 107.097(1) ("Except as otherwise provided in subsection (3) of this section, a court may not enter ex parte a temporary order . . ."); O.R.S. 107.097(3) (authorizing state courts to enter *ex parte* a pre-judgment temporary restraining order on a showing of immediate danger to the child); O.R.S. 107.139 (authorizing state courts to enter *ex parte* a post-judgment temporary restraining order on a showing of immediate danger to the child); O.R.S. 107.718 (authorizing state courts to enter *ex parte* a FAPA order on a showing of immediate danger of future abuse to the petitioning parent or their child). Though the Attorney General is responsible for defending the state and, when appropriate, its officers in court, O.R.S. 180.060(1), that general duty does not establish the requisite "direct authority over" O.R.S. 107.169(3) to satisfy *Ex parte Young*. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002); *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (per curiam) (holding that the general supervisory powers of a state attorney general are insufficient to establish the connection with enforcement required by *Ex parte Young*).

This Court therefore concludes that *Ex parte Young* does not apply, so Defendants are immune from suit.[5] Plaintiff's claims are dismissed without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (dismissals for lack of jurisdiction should be without prejudice).

## CONCLUSION

Defendants' Motion to Dismiss, ECF 8, is GRANTED. Plaintiff's Complaint, ECF 1, is DISMISSED without prejudice.

**IT IS SO ORDERED.**

DATED this 28th day of July, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[5] The Court notes at this point that *Ex parte Young* generally does not allow for courts to issue injunctive relief directly against state courts or judges. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532–34 (2021); *Ex parte Young*, 209 U.S. at 163. Plaintiff's remedy may, therefore, be to appeal the custody determination to the Oregon Court of Appeals, rather than seek review in federal court. *See Lindke v. Tomlinson*, 31 F.4th 487, 495 n.2 (6th Cir. 2022); *Whole Woman's Health*, 142 S. Ct. at 532 (noting the "traditional remedy" when a state court errs is "some form of appeal").

PAGE 7 – OPINION AND ORDER GRANTING MOTION TO DISMISS